ANDREW J. BROWN, Plaintiff in Error, *v.* CYRUS R. HAGGERTY, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

A banker held two notes made by A, one of which was signed by B, as surety, one of which was due, and the other to fall due shortly; A called and asked to pay his note due, and the teller of the bank gave him the second note not then matured, and erased the indorsement of the banker; the payee of this note, five months afterwards, obtained it and brought his action against the surety; Held, that after this lapse of time the surety had a right to suppose the note had been paid, and may have been injured by the delay, and the insolvency of the other maker, and was not liable.

THIS is an action of assumpsit brought on this note:

$500.                               *Chicago, August 30th,* 1856.

Ninety days after date, for value received, we jointly and severally promise to pay to the order of F. H. Benson & Co., at the office of F. H. Benson & Co., in Chicago, five hundred dollars, with interest at ten per cent. per annum, it being for money loaned.

DUNLAP, COLBURN & CO.
ANDREW J. BROWN.

Indorsed: "F. H. Benson & Co." [Erased.]
"F. H. Benson & Co."

To plaintiff's declaration, the defendants, Dunlap and Colburn, pleaded, 1st, The general issue; 2nd, Payment, surrender, and cancellation of the note.

To which defendant Brown pleaded, 1st, General issue; 2nd, Payment, surrender and cancellation of the note; 3rd, That he signed said note as surety for Dunlap and Colburn; that when said note fell due, the same was in the hands of F. H. Benson & Co., indorsed in blank; that the said Dunlap and Colburn, at the request of this defendant, applied to F. H. Benson & Co. for said note to pay the same—and said F. H. Benson & Co. pro-

duced said note to said Dunlap and Colburn, and they then and there, with the knowledge of this defendant, so being such surety, took up and paid said note, and the same was thereupon canceled and surrendered to Dunlap and Colburn—which note afterwards the said Benson & Co. fraudulently obtained from Dunlap and Colburn, and caused this suit to be instituted thereon, in the name of said plaintiff.

On the trial, Dunlap and Colburn withdrew their pleas, and judgment by default was entered against them.

A jury was impanneled to try the issue joined between plaintiff and defendant Brown. Verdict against all the defendants, for $663.60.

Motion of defendant Brown for a new trial overruled, and judgment rendered against all the defendants.

It appears that Dunlap, Colburn & Co., during the summer of 1856, were doing business with F. H. Benson, a banker and broker, in Chicago, under the name of F. H. Benson & Co., and that they were accustomed to make their notes payable to the order of F. H. Benson & Co., and leave them with F. H. Benson & Co., to be negotiated, and the proceeds placed to their account; that the above note was duly executed by Dunlap, Colburn & Co., and Andrew J. Brown, and left there for this purpose, about the last of August, or beginning of September, 1856, and was sold to Haggerty, Sept. 4, 1856, and the proceeds placed to the credit of Dunlap, Colburn & Co. That during the last of August, another note for the same amount, signed by the same parties, dated August 23, 1856, and payable in precisely the same way, in ninety days from date, was left for the same purpose. This last note was sold to Watson, Tower & Co. The first, or Haggerty note, matured Dec. 1, 1856, and the Watson & Tower note, Nov. 24, just seven days earlier. It did not appear that Haggerty knew that Brown was surety upon the note. The Haggerty note was left by Mr. Haggerty with F. H. Benson &. Co., for collection, Nov. 26, 1856.

The clerk, or teller, who was in the office of F. H. Benson & Co., testifies, that on the 26th of November, 1856, Mr. Dunlap came into the bank in the afternoon, and said he had a note there that was due, and that he wanted to take it up. Witness went to the pocket book, and took out the Haggerty note, it being the first one he came to, erased the name of Benson & Co., and delivered it to Dunlap, taking from Dunlap his check for $500, neither Dunlap nor the witness taking any particular notice of the fact, that the note actually delivered was not then due.

The teller of the bank erased the name of "F. H. Benson & Co.," which was indorsed on the back, and then delivered it,

with the indorsement so erased, to Dunlap, who took the note away with him. The makers filed away the note, and kept the same in their possession for fifteen months thereafter, when, in March, 1858, this note was found in the hands of the makers, as paid and canceled, was delivered by Dunlap to Benson, who, without the knowledge or consent of the makers, delivered the note to Haggerty.

The plaintiff's proof further shows, intermediate the time of payment, Nov. 26, 1856, and the taking of said note from the possession of Dunlap, in March, 1858, Benson, the payee of the note, who had received the payment thereon, had failed, also Dunlap and Colburn, who were the principal original debtors on said note, had failed.

W. T. BURGESS, and A. J. BROWN, for Plaintiff in Error.

HOYNE, MILLER & LEWIS, for Defendant in Error.

CATON, C. J. Dunlap & Co. had two notes of the same tenor, except that one was due about a week before the other, payable at the bank of Benson & Co. A few days before this note fell due, and a day or two after the other matured, Dunlap called at the bank, said he had a note there that was due, that he wanted to take up, and gave his check for the amount of this note, and took it up, and carried it away with him. The teller of the bank to whom he paid it did not notice which note it was, but took out the first note he came to in the pocket book. After Dunlap & Co., and Benson & Co., had both failed, and five months after the note had been taken up, the assignee of Benson & Co. called on Dunlap and got this note, upon which the indorsement of Benson & Co. had been stricken out by the teller when he gave it to Dunlap. Benson, or the assignee, delivered the note to the plaintiff, who was in fact the owner of the note while it was in Benson & Co.'s hands, for payment. Benson afterwards again indorsed it, and this action was brought. Brown, who was security on the note, insisted, on the trial, that the note had been paid and taken up by Dunlap, while the plaintiff insisted that the payment was designed to be made, and was in fact made on the other note. The defendant asked the court to give this instruction:

"If the jury believe, from the evidence, that the defendant paid to said F. H. Benson & Co., on the 26th day of November, 1856, the amount due on the note in question, and took up said note, and said Benson had a right to receive the money due thereon, by authority from the legal holder of the same, and the defendants had no notice of the application of the money paid

on said note, other than in full payment of the note taken up, for several months after the payment, and until after the failure of said Dunlap & Colburn, and after the failure of said Benson, then said Benson has no right to alter the destination of the money paid on said note, other than payment to the legal holder of said note, and not in payment of a note due to himself, the said Benson, without the consent of all the defendants."

Which the court refused to give as asked, but added to it as follows: "This is so, unless there was a mutual mistake in regard to the note, and the wrong note delivered up and canceled."

We think the instruction should have been given as asked, and that the qualification was wrong. If there was an original mistake in the application of the check to the payment of this note, an acquiescence of five months by Benson & Co., who had a right to receive the money on this note, amounted to a ratification of the payment upon the note which had been given up to Dunlap, especially as to Brown, the surety. If this note was given up to Dunlap by mistake, and was not in fact paid at maturity, it was due to Brown, the surety, that he should have been notified of that fact promptly, that he might have paid it at once, and taken steps to have secured himself from Dunlap & Co., while they were yet solvent. But instead of that, he is suffered to remain in ignorance of the alleged mistake, and with the strongest possible evidence that the note had been paid, for five months, and until the principals in the note had failed, and then, when that event showed that some one must lose the amount of this note, for the first time he is told that the note had not been in fact paid, but that the check had been applied to it, and the note given up, by mistake. Brown was not guilty of any mistake or laches, while the plaintiff, or his agent, was, and he should consequently bear the loss, if any.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*